Johnson, J.
(dissenting). The decision of this case depends upon the effect to be given to chapter 163 of the Laws of 1870. If that act has no operation as a law, then the judgment must be reversed. It is not upon any ground of want of constitutional power in the legislature that it is contended that the law in question has no operation. That conclusion is sought to be maintained as a question of construction upon the language employed.
The act in question relates to the interest allowed to be taken by banking associations organized under the laws of this State. It authorizes such associations to take seven per cent per annum by way of interest on loans and discounts, and to take the same in advance. It then provides that “ the knowingly taking, receiving, reserving or charging a rate of interest greater than aforesaid shall be held and adjudged a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. And in case a greater rate of interest has *65 been paid, the person or persons paying the same, or their legal representatives, may recover back twice the amount of the interest thus paid, from the association taking or receiving the same, provided that such action is commenced within two years from the time the said excess of interest is taken. The other provisions of the section are not now necessary to be stated. Pausing for a moment in the further recital of the statute in question, it may be stated as plain that the foregoing provisions, if they have the force of law, are inconsistent with the general provisions of the statute against usury, by which a forfeiture, not of the interest alone but of both principal and interest, is inflicted as the consequence of usury. Being thus inconsistent the latter statute so far displaces, and by implication repeals, the former statute in respect to banking associations. This consequence follows, because in no other way can the latter statute have any effect. This is substantially the view expressed by this court in First National Bank of Whitehall v. Lamb (50 N. Y., 100) in the opinion of Sapallo, J. If the statute contained no further provisions than have thus far been stated, it would be quite plain that the judgment given for the respondent in the Supreme Court ought to be affirmed. The section already observed upon contains the unqualified enactment limiting the forfeiture consequent upon usury committed by a banking association created under the laws of this State to the loss of the whole interest.
The remaining inquiry is as to the effect of the next section of the statute, which is as follows: “It is hereby declared that the true intent and meaning of this act is to place the banking associations, organized and doing business as aforesaid, on an equality, in the particulars in this act- referred to, with the national banks organized under the act of Congress. And all acts and parts of acts inconsistent with the provisions hereof are hereby repealed.”
The provisions of the national banking law on the subject of the interest to be charged by those institutions and the consequences of usurious exactions, are set forth at length in *66 the case of The First National Bank of Whitehall v. Lamb (50 N. Y., 95), and it is not necessary to repeat them here. They form section 30 of that act. (13 Stat. at Large, 108.) Our statute of 1870, adopting almost the very words of that act in respect to the consequences of charging excessive interest, applies, or purports to apply, the rule thus expressed to the banking associations of this State. There cannot be a doubt - that the legislature who made the enactment intended that .result; and further intended by this enactment to apply to our banking associations a rule which it was supposed the statute of the United States had introduced and made obli- . gatory in respect to national banks within this State. If they did not intend that, then they intended to enact not a law but something which should seem to be a law, and which, if it had any effect, could only have the effect of leading the banking associations of this State to suppose that the consequence of taking or contracting for more than seven per cent was only the forfeiture of the interest, while in truth the old penalty remained. It is undoubtedly true that the legislature . did not understand that it was the law of this State that national banks continued to be subject to the forfeiture of both principal and interest for usury, notwithstanding the act of Congress before referred to. That such was the law of this • State was only ascertained and settled two years afterward, in November, 1872, when it was adjudged, that by the true construction of the act of Congress the provisions in question did not apply to States having usury laws of their own; and that, even if in terms they were applicable, such provisions would be unconstitutional. But this does not, in fact, and should not be deemed in law, to have any bearing upon the intention of the legislature in enacting the law in question. That body did not commit the absurdity of saying, as is now-attempted to be imputed to them: “ Not knowing whether the act of Congress is or is not constitutional, nor whether it does or does, not apply to national banks in this State, we enact that our banking associations shall, for usury, be liable only to forfeit the interest, if that is the law as to national banks *67 in this State; and if it is not, then the old law of forfeiture shall remain in force.” It, On the contrary, appreciated for itself both the question of constitutionality and of construction involved in thé act of Congress, and adopted in terms and applied to our banking associations that rule as it was understood. The subsequent section does not modify the enactment, but only assigns the reason why the old rule of forfeiture was modified. Though the reason was a mistaken one, the force of the enactment is not diminished nor its construction changed. The legislature chose to embody in the law itself the explanation of so unusual a thing in legislation as the establishment of a rule as to usury applicable to banks, which was less stringent than that which applied to individuals. To convert this into a snare, on its face inviting-confidence in its terms and yet visiting on those who trust it the old penalty of entire forfeiture, would be unparalleled in the history of the construction of statutes, and would imply a bad faith in the legislature, which in an individual would be visited by the reprobation of the courts. Forfeitures are never favored, and when a law is capable of two constructions that which does not inflict a forfeiture is to be preferred.
The judgment should be affirmed.
For reversal, Church, Oh. J., Allen, Folger and Rapallo, JJ.
For affirmance, Johnson, Grover and Andrews, JJ.
Judgment reversed.